IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-433-F

| | | |
|---|---|---|
| PRODIGIOUS VENTURES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| YBE HOSPITALITY GROUP, LLC, | ) | |
| YBE ENTERPRISE, LLC, | ) | |
| YBE OXFORD, LLC, and | ) | |
| YBE MILLEDGEVILLE, LLC, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRAVIS E. KELLEY, | ) | |
| | ) | |
| Counterclaim-Defendant. | ) | |

This matter is before the court on a Motion to Intervene [DE-25] filed by James Butler and John Tye Hill. That matter has been fully briefed and is ripe for ruling. For the reasons stated herein, the Motion to Intervene [DE-25] is ALLOWED. Also, before the court is a Joint Motion for Exemption from Mediation [DE-39]. For good cause shown, that motion is ALLOWED.

I. **PROCEDURAL AND FACTUAL HISTORY**

Prodigious Ventures, Inc. ("Prodigious") filed suit against the Defendants (collectively "YBE") on June 23, 2014, alleging claims for Breach of Contract and Unfair and Deceptive Trade Practices. *See* Complaint [DE-1-1]. One week later, YBE removed the action to this court. *See* Notice of Removal [DE-1]. On December 4, 2014, after failed mediation attempts, YBE

answered the Complaint and filed counterclaims against Prodigious and Counterclaim-Defendant Travis E. Kelley. *See* Answer and Counterclaims [DE-15]. Butler and Hill moved to intervene on February 9, 2015. *See* Motion to Intervene [DE-25].

Prodigious's original Complaint tells a simple story of breach of contract. The Complaint asserts that YBE and Prodigious entered into a Hospitality Management Agreement wherein Prodigious was to provide YBE with management services in exchange for fees. *See* Complaint [DE-1-1] ¶¶ 20-21; *see also* Exhibit D to the Complaint [DE-1-1] at 2-5. Prodigious asserts that YBE ceased payments, in violation of the Hospitality Management Agreement. *See* Complaint [DE-1-1] ¶¶ 27, 30-32.

YBE's Answer and Counterclaims [DE-15] tells a markedly different story. According to the Counterclaims, Butler and Hill, former NFL players, met Kelley prior to entering the NFL draft. *See* Counterclaims [DE-15] ¶ 6. Kelley was a registered financial advisor with the NFL Players Association and became Butler and Hill's financial advisor, managing their money and investments. *Id.* ¶ 7. Kelley eventually recommended that Butler and Hill invest in Golden Corral franchises. *Id.* ¶ 9. Kelley presented the two with an agreement wherein Prodigious, primarily through Kelley, "would manage the procurement, construction and operation of a Golden Corral restaurant," for which Butler and Hill would pay Kelley a management fee. *Id.* ¶ 10. Butler and Hill were not represented by an attorney, nor did Kelley recommend that the two seek out an independent review of the agreement. *Id.* ¶ 11.

On Kelley's advice, YBE Hospitality was formed to facilitate the investment and management process, with Butler and Hill as the sole members. Answer [DE-15] ¶ 18. Kelley "purportedly vetted and managed the Golden Corral franchises" for Butler and Hill while also acting as their personal financial advisor. Counterclaims [DE-15] ¶ 8. The Answer and

Counterclaims further alleges mismanagement by Kelley and asserts claims for Breach of Contract, Conversion, Breach of Fiduciary Duty, Constructive Fraud, and Unfair and Deceptive Trade Practices. *See generally id.* ¶¶ 21-52.

Hill and Butler now move to intervene. They have filed a proposed First Amended Answer and Counterclaims [DE-25-1] that largely mirrors the Answer and Counterclaims [DE-15]. However, the First Amended Answer and Counterclaims also contains facts unique to Hill and Butler's relationship with Kelley, particularly with respect to the claims for Breach of Fiduciary Duty and Constructive Fraud.

## II. DISCUSSION

Federal Rule of Civil Procedure 24 provides two separate bases for intervention that are relevant to the present case. The first is intervention of right where a party "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24. The second is permissive intervention where a party "has a claim or defense that shares with the main action a common question of law or fact." *Id.* The court holds that Butler and Hill have shown they are entitled to intervene as a right.

### a. Butler and Hill have a right to intervene.

Three conditions must be met for a party to intervene as a right. *See Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991). The proposed intervenors must show (1) that they have an interest in the subject matter of the litigation; (2) that their interest would be impaired by the litigation; and (3) that their interests are not adequately represented by the existing parties to the litigation. *Id.* The third element requires only a showing that representation of the proposed

3

intervenors' interest *"may be"* inadequate. *In re Sierra Club*, 945 F.2d 776, 779 (4th Cir. 1991) (emphasis in original). The Fourth Circuit favors liberal intervention "to dispose as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process." *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (internal quotation marks omitted) (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)).

Butler and Hill meet the three requirements of intervention of right under Rule 24. First, they have an interest in the subject matter of the litigation. Butler and Hill are members and managers of YBE, they are heavily invested in YBE, and this lawsuit has resulted from their relationship and business dealings with Kelley. Their interest is clear.

Second, their interests will be impaired if they are not allowed to intervene. While YBE has asserted identical claims, the nature of Butler and Hill's relationship is such that they are better situated to assert the claims for breach of fiduciary duty and constructive fraud. The First Amended Answer and Counterclaims [DE-25-1] shows this, and Butler and Hill's dealings with Kelley prior to the Golden Corral venture likely strengthens their claims against him and Prodigious. Kelley's role as Butler and Hill's financial advisor also appears to be more of a fiduciary relationship than the business dealings of YBE and Prodigious. Not allowing Butler and Hill to intervene would impair their interests.

Third, their interests are not adequately represented by the existing parties to the litigation. As discussed above, the nature of Butler and Hill's relationship with Kelley precludes YBE from adequately representing Butler and Hill's interests in the litigation. Butler and Hill's relationship with Kelley predates the dealings between YBE and Prodigious and involves his role as their financial advisor. While Butler and Hill may share claims and a goal with YBE, the

differences in factual allegations related to the two groups are sufficient that YBE's representation of Butler and Hill's interests cannot be adequate.

Butler and Hill have an interest in the subject matter of this litigation, their interests will be impaired if they are not allowed to intervene, and YBE cannot adequately represent their interests. Therefore, their Motion to Intervene [DE-25] is ALLOWED.

## III. CONCLUSION

For the foregoing reasons, the Motion to Intervene [DE-25] is ALLOWED. The Clerk of Court is DIRECTED to file the First Amended Answer and Counterclaims [DE-25-1] as part of the record in this action. The Joint Motion for Exemption from Mediation [DE-39] is also ALLOWED.

SO ORDERED.

This, the 21st day of August, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge