IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-433-F

| PRODIGIOUS VENTURES, INC., | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) |
| YBE HOSPITALITY GROUP, LLC, YBE ENTERPRISE, LLC, YBE OXFORD, LLC and YBE MILLEDGEVILLE, LLC, | ) |
| Defendants, | ) ORDER |
| v. | ) |
| TRAVIS E. KELLEY, | ) |
| Counterclaim Defendant. | ) |
| v. | ) |
| JAMES BUTLER and TONY HILL, | ) |
| Counterclaim-Plaintiffs. | ) |

This matter is before the court on the motion of Defendants YBE Hospitality Group, LLC, YBE Enterprise, LLC, YBE Oxford, LLC, and YBE Milledgeville, LLC ("Defendants") to compel production of subpoenaed documents from nonparty The Providence Group Sports and Entertainment, LLC ("Providence Group"). [DE-42]. For the reasons that follow, the motion is allowed.

## I. BACKGROUND

On June 23, 2014, Plaintiff Prodigious Ventures, Inc. ("Prodigious") filed suit in state court against the Defendants, alleging claims for breach of contract and unfair and deceptive trade

practices. [DE-1-1]. Plaintiff is in the business of developing and managing franchised restaurants and providing other business services to restaurant owners. Compl. [DE-1-1] ¶ 9. Counterclaim Defendant Travis E. Kelley ("Kelley") is the principal and president of Prodigious. Defs.' Answer & Countercls. [DE-15] at 12 ¶ 2. Defendants own and/or operate Golden Corral franchises, and Counterclaim Plaintiffs James Butler ("Butler") and Tony Hill ("Hill"), former players in the National Football League, are the principals of Defendants. Compl. [DE-1-1] ¶ 10; Defs.' Answer & Countercls. [DE-15] at 13 ¶¶ 5-6. Kelley is also the principal and president of Providence Group, through which he provided financial planning services as a financial advisor to Butler and Hill. Defs.' Mem. [DE-43] at 2; Aff. of Travis Kelley ("Kelley Aff.") [DE-49] ¶¶ 2-6. Defendants timely removed the action from state court to this court [DE-1] and, thereafter, added Kelley as a Defendant, asserting counterclaims for breach of contract, conversion, breach of fiduciary duty, constructive fraud, and unfair and deceptive trade practices against Prodigious and/or Kelley. [DE-15]. Butler and Hill also moved to intervene, which the court allowed. [DE-25, -46].

Defendants subpoenaed documents from Providence Group, which they contend are relevant and necessary to their counterclaims and defenses related to fiduciary duties Kelley owed to Butler and Hill as their financial advisor. Defs.' Mem. [DE-43] at 1-2. Providence Group objected to the production of certain documents as unrelated to the litigation, but produced some documents directly related to Defendants or the Golden Corral franchises. Providence Group's Resp. [DE-48] at 2-3. After counsel for Defendants and counsel for Providence Group, who also represents Prodigious and Kelley, failed to resolve the dispute regarding the objected-to documents, Defendants filed the instant motion to compel [DE-42], to which Providence Group responded in opposition [DE-48].

2

## II. DISCUSSION

Subpoenas issued to nonparties are governed by Rule 45 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). "In response to such a subpoena, a non-party may either file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45[(d)](3)(A), move for a protective order pursuant to Fed. R. Civ. P. 26(c), or oppose a motion to compel production of the subpoenaed documents pursuant to Fed. R. Civ. P. 45[(d)](2)(B)." *Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (citing *United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484 (D. Md. 2002)).

Rule 45 adopts the standard codified in Rule 26, which allows for the discovery of "any nonprivileged matter that is relevant to any party's claim or defense" when the discovery request "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, simply because "requested information is discoverable under Rule 26[(b)] does not mean that discovery must be had." *Nicholas v. Wyndham Int'l Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). Rule 26(b)(2) provides a district court may limit "the frequency or extent of use of the discovery methods otherwise permitted" under the Federal Rules of Civil Procedure if it concludes that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* (quoting Fed. R. Civ. P. 26(b)(2)); *see also McDougal-Wilson v. Goodyear Tire & Rubber Co.*, 232 F.R.D. 246, 249 (E.D.N.C. 2005) ("Discovery is not limitless," and "[t]he court has the discretion to protect a

party from 'oppression' or 'undue burden or expense.'") (quoting Fed. R. Civ. P. 26(c)). When considering the propriety of enforcing a subpoena, a trial court should consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Schaaf*, 233 F.R.D. at 453 (quoting *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)). "In the context of evaluating subpoenas issued to third parties, a court 'will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance.'" *Id.* (quoting *Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 426 (M.D.N.C. 2005)).

Here, Defendants seek to compel production of the following categories of documents:

5. All documents that constitute, reflect, or refer to any communications between The Providence Group and Mr. Butler or between The Providence Group and Mr. Hill.

. . . .

8. All documents that constitute, reflect, or refer to any communications between The Providence Group and Mr. Kelley concerning Mr. Butler, Mr. Hill, any of the YBE Entities, or any of the YBE Entities' respective Golden Corral franchises.

9. All financial records and accounting records concerning Mr. Butler, including but not limited to any records concerning his personal finances or investments.

10. All financial records and accounting records concerning Mr. Hill, including but not limited to any records concerning his personal finances or investments.

11. All documents that describe, reflect, or relate to any services provided by The Providence Group or Mr. Kelley to Mr. Butler.

12. All documents that describe, reflect, or relate to any services provided by The Providence Group or Mr. Kelley to Mr. Hill.

. . . .

14. All financial records showing any revenue The Providence Group received from Mr. Butler.

4

> 15. All financial records showing any revenue The Providence Group received from Mr. Hill.
>
> . . . .
>
> 18. All documents that show, reflect, or describe any formal or informal relationship or business dealings Mr. Kelley had with the National Football League Players Association ("NFLPA").

Defs.' Mem. [DE-43] at 5-6. Defendants contend these documents are relevant to their counterclaims against Kelley for breach of fiduciary duty and constructive fraud and against Prodigious and Kelley for unfair and deceptive trade practices, because they relate to the fiduciary duties that Kelley owed to Defendants Butler and Hill as their financial advisor. *Id.* at 7-8 (citing Countercls. ¶¶ 7-20, 36-43, 48-53). Specifically, Defendants contend the documents requested from Providence Group include communications related to the relationship between Kelley and his clients Butler and Hill (Requests 5 and 8), financial records related to that relationship (Requests 9-10 and 14-15), services performed in connection with that relationship (Requests 11 and 12), and Kelley's admitted status as a registered financial advisor with the NFL Players Association ("NFLPA") and the additional duties he consequently owed Butler and Hill (Request 18). *Id.* at 8.

In response to these document requests, Providence Group asserted several "General Objections," including, among other things, that its "business is wholly unrelated to the issues pending in this litigation," Butler and Hill are not parties to the matter, they seek confidential business information, they seek documents from Kelley and Prodigious, and they are overly broad and unduly burdensome. Defs.' Mem., Ex. E [DE-43-6] at 1-2 ¶¶ 1, 4, 5, 7, 10. In the section of responses titled "Specific Objections," Providence Group listed each request and in response referred to its "General Objections," making no specific objections to the requested documents. *Id.* at 3-6.

5

In response to the motion to compel, Providence Group asserted the following specific objections:

> In response to Request number 5, Providence produced all documents which had any relationship with the YBE Entities or the Golden Corral franchises. As written, this request puts no restrictions whatsoever on the scope of the documents to be produced. The documents requested seek everything from personal communications concerning Mr. Butler and Mr. Hill's football careers to documents concerning their personal spending.
>
> . . . .
>
> Request number 8 seeks documents not only from Providence but from Mr. Kelley in his individual capacity. Such requests should be served upon Mr. Kelley as a party. The requests puts no limitations on the subject matter of the communications. Mr. Kelley had a long standing relationship with Mr. Butler and Mr. Hill which involved extensive communications about a broad variety of subjects unrelated to this dispute.
>
> . . . .
>
> Requests number 9 and 10 again seek, without any limitation, everything from cancelled checks to the monthly bills for things such as rent and utilities. It is inconceivable that these documents could lead to the discovery of admissible evidence and the burden of assimilating them would be great.
>
> . . . .
>
> Requests numbers 11 and 12 again seek documents from Mr. Kelley who is a party from whom discovery should be sought pursuant to Rule 26. Further, there is no nexus between the request and the litigation. All documents related to the services provided in any way related to the YBE Entities or the Golden Corral franchises were produced.
>
> . . . .
>
> Requests numbers 14 and 15 are overly broad and unrelated to the current litigation. Providence was paid a fee for its services in providing financial services which are not at issue in this litigation. "[A]ll financial records" calls for production of Providence's internal financial statements and/or bank records. As such, the requests are overbroad and unduly burdensome.
>
> . . . .

6

> Request number 18 seeks documents which are unlikely to lead to the discovery of admissible evidence. Mr. Kelley's relationship with the NFLPA has absolutely nothing to do with this dispute. Prodigious was not acting as a NFLPA representative in performing services for the YBE entities or Mr. Butler and Mr. Hill. The request is not limited to dealings involving the YBE entities or Mr. Butler and Mr. Hill but rather dealings of any nature which would include Mr. Kelley's entire application and all documents related to Mr. Kelley approval by the NFLPA.

*Id.* at 4-6.

As an initial matter, Providence Group improperly relied on general, boilerplate objections in responding to Defendants' document requests. *See Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 533 (E.D.N.C. 2012) (allowing motion to compel where, among other things, the responding party relied on boilerplate objections and "failed to articulate any specific objection to any particular interrogatory or request for production, and therefore has waived any legitimate objection it otherwise could have raised.") (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484-85 (5th Cir. 1990); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558-59 (11th Cir. 1985); *Josephs v. Harris Corp.*, 677 F.2d 985, 991-92 (3d Cir. 1982); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010); *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 247 (M.D.N.C. 2010) (collecting cases); *Hy-Ko Prods. Co. v. Hillman Grp., Inc.*, No. 5:09-MC-00032, 2009 WL 3258603, at *12 (E.D.N.C. Oct. 8, 2009) (unpublished)), *aff'd*, 551 F. App'x 646 (4th Cir. 2014). Belatedly asserting, in response to a motion to compel, specific objections that should have been raised in response to discovery requests is insufficient. *See Quarles*, 894 F.2d at 1485 (affirming denial of a motion for protective order where only general, boilerplate objections were asserted in response to discovery requests and reasoning that "even if some of the law firm's requests for production were irrelevant, Quarles must have a valid objection to each one in order to escape the production requirement.") (citing *Josephs*,

677 F.2d at 991-92).

Alternatively, these objections are largely unmeritorious in light of the defenses and counterclaims raised by Defendants and the fact that Hill and Butler are now parties to this action. As the court observed in its order on the motion to intervene, "Prodigious's original Complaint tells a simple story of breach of contract. . . . YBE's Answer and Counterclaims [DE-15] tells a markedly different story." Aug. 21, 2015 Order [DE-46] at 2. Given the breach of fiduciary duty, constructive fraud, and unfair and deceptive trade practices claims asserted, Kelley's role as a financial advisor and his business dealings with Hill and Butler, including both through the NFLPA and Providence Group, are relevant to this litigation. Finally, Providence Group's concerns regarding the production of confidential or proprietary information are allayed by the consent protective order entered by the court in this case. [DE-45]. Accordingly, the motion to compel is allowed, and Prodigious Group shall produce the requested documents by no later than **November 24, 2015**.

### III. CONCLUSION

For the reasons stated above, Defendants' motion to compel [DE-42] is ALLOWED.

SO ORDERED, the *10* day of November, 2015.

Robert B. Jones, Jr.
United States Magistrate Judge