IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-433-F

| PRODIGIOUS VENTURES, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| YBE HOSPITALITY GROUP, LLC, YBE ENTERPRISE, LLC, YBE OXFORD, LLC, and YBE MILLEDGEVILLE, LLC, | ) | |
| Defendants, | ) | |
| v. | ) | ORDER |
| TRAVIS E. KELLEY, | ) | |
| Counterclaim Defendant, | ) | |
| v. | ) | |
| JAMES BUTLER and JOHN TYE HILL, | ) | |
| Counterclaim Plaintiffs. | ) | |

This matter comes before the court on the motion of Defendants YBE Hospitality Group, LLC, YBE Enterprise, LLC, YBE Oxford, LLC, and YBE Milledgeville, LLC, (altogether "YBE") and Counterclaim Plaintiffs James Butler ("Butler") and John Tye Hill ("Hill") to compel Plaintiff Prodigious Ventures, Inc., ("Prodigious") and Counterclaim Defendant Travis E. Kelley ("Kelley") to produce documents and information YBE has requested in discovery. [DE-56]. The matter has been referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A). The court held a telephonic hearing on the motion in which counsel participated. [DE-80]. All matters are fully briefed and the issues raised therein are ripe for decision. For the reasons set forth below the motion

to compel [DE-56] is denied.

## I. BACKGROUND

Prodigious filed suit against YBE on June 23, 2014, alleging claims for breach of contract and unfair and deceptive trade practices. [DE-1-1]. One week later, YBE removed the action to this court. [DE-1]. On December 4, 2014, YBE answered the complaint and filed counterclaims against Prodigious and Kelley. [DE-15]. Butler and Hill moved to intervene on February 9, 2015. [DE-25]. Prodigious's original complaint asserts that YBE and Prodigious entered into a Hospitality Management Agreement wherein Prodigious was to provide YBE with management services in exchange for fees. [DE-1-1] ¶¶ 20-21 & Ex. D. Prodigious asserts that YBE ceased payments in violation of the Hospitality Management Agreement. *Id.* ¶¶ 27, 30-32. YBE's answer and counterclaims [DE-15] tells a markedly different story. According to the counterclaims, Butler and Hill, former NFL players, met Kelley prior to entering the NFL draft. [DE-15] ¶ 6. Kelley was a registered financial advisor with the NFL Players Association and became Butler and Hill's financial advisor, managing their money and investments. *Id.* ¶ 7. Kelley eventually recommended that Butler and Hill invest in Golden Corral franchises. *Id.* ¶ 9. Kelley presented the two with an agreement wherein Prodigious, primarily through Kelley, "would manage the procurement, construction and operation of a Golden Corral restaurant," for which Butler and Hill would pay Kelley a management fee. *Id.* ¶ 10. Butler and Hill were not represented by an attorney, nor did Kelley recommend that the two seek out an independent review of the agreement. *Id.* ¶ 11. On Kelley's advice, YBE Hospitality was formed to facilitate the investment and management process, with Butler and Hill as the sole members. *Id.* ¶ 18. Kelley "purportedly vetted and managed the Golden Corral franchises" for Butler and Hill while also acting as their personal financial advisor.

*Id.* ¶ 8. The answer and counterclaims further allege mismanagement by Kelley and asserts claims for breach of contract, conversion, breach of fiduciary duty, constructive fraud, and unfair and deceptive trade practices. *Id.* ¶¶ 21-52. On August 21, 2015, Hill and Butler were permitted to intervene and filed a first amended answer and counterclaims [DE-46, -47] that largely mirrors the answer and counterclaims [DE-15]. However, the first amended answer and counterclaims also contains facts unique to Hill and Butler's relationship with Kelley, particularly with respect to the claims for breach of fiduciary duty and constructive fraud.

On March 26, 2015, YBE served their first set of written discovery to Prodigious and Kelley. Movants' Mem. in Support, Exs. A-F [DE-57-2 through -57-7]. On May 7, 2015, Prodigious and Kelley served their responses to the written discovery requests. *Id.*, Exs. G-L [DE-57-8 though -57-13]. While the parties communicated about outstanding discovery responses and appeared to reach an agreement regarding the supplementation of responses, at the time the motion to compel was filed, Prodigious and Kelley had failed to supplement their responses. *Id.* [DE-57] at 4, Exs. M & N [DE-57-14 through 57-15].

On September 22, 2015, YBE served a third request for production of documents to Prodigious and a second request for production of documents to Kelley. *Id.*, Exs. O & P [DE-57-16 through -57-17]. On October 22, 2015, Prodigious served its responses, and on November 13, 2015 it served several amended responses. *Id.*, Ex. Q [DE-57-18]. On October 27, 2015, Kelly served responses to this discovery. *Id.*, Ex. R [DE-57-19]. In correspondence dated November 13, 2015, counsel for Defendants identified certain deficiencies in the responses and requested that counsel respond. *Id.*, Ex. S [DE-57-20]. At the time the motion to compel was filed counsel had not responded. *Id.* [DE-57] at 4-5.

YBE, Butler, and Hill filed their motion to compel on November 23, 2015 seeking production of the outstanding discovery. [DE-56]. Prodigious and Kelley, on December 31, 2015, filed a response in opposition to the motion, which included copies of their supplemental discovery responses that appear to have been served on December 2 and 31, 2015. Resp'ts' Mem. in Opp'n, Ex. A [DE-68-1]. Prodigious and Kelley respond further that they possess no additional documents responsive to the discovery requests. *Id.* [DE-68] at 2.

Thereafter, upon direction from the court, YBE, Butler, and Hill filed a status report advising the court as to the status of outstanding discovery. [DE-71]. According to the report, after YBE, Butler, and Hill filed their motion to compel, Prodigious and Kelley supplemented their discovery responses, providing several thousand documents. *Id.* at 1-2. Based on the supplemental responses, document production, and representations of counsel for Prodigious and Kelley, YBE believes that all but one of the issues raised in the motion to compel have been resolved. *Id.* at 2. According to the report, the one remaining issue concerns Kelley's responses to Request for Production Nos. 4–7 of Defendants' and Counterclaim Plaintiffs' Second Request for Production. *Id.*; Movant's Mem. in Support, Ex. R [DE-57-19]. Those requests are as follows:

> Request for Production No. 4. All documents that constitute, reflect, or contain any communications between you and any other person or entity regarding annuities or insurance products purchased by or on behalf of Mr. Butler or Mr. Hill.
>
> Request for Production No. 5. All documents that identify, describe, or reflect any money or other compensation that you received (including, but not limited to, commissions, bonuses, and other incentive payments) in connection with the sale or purchase of any annuities issued to Mr. Butler or Mr. Hill.
>
> Request for Production No. 6. All documents that identify or reflect any money or other compensation that you received (including, but not limited to, commissions, bonuses, and other incentive payments) in connection with the sale or purchase of any insurance policy issued to or with respect to Mr. Butler or Mr. Hill or any of their

4

dependents.

Request for Production No. 7. All agreements between you and any company that issued annuities or insurance products to Mr. Butler or Mr. Hill relating to the sale of such annuities or insurance.

*Id.*, Ex. R [DE-57-19] at 3-4.

In response to these document requests, Kelley has asserted boilerplate objections on the grounds that each request is overly broad, unduly burdensome, beyond the scope of permissible evidence, and unlikely to lead to the discovery of admissible evidence. *Id.* Kelley states further that insurance or annuity products purchased by Butler and Hill through Providence Group are not at issue in this case. *Id.*

According to the status report, YBE attempted to obtain responsive documents from third-party insurance or annuity companies, Aviva, Athene and Allianz, by subpoenas issued to these companies.[1] [DE-71] at 2. Subsequently, it appears that in correspondence dated December 29, 2015, counsel for Kelley agreed to withdraw his clients' objections to the subpoenas to Aviva, Athene and Allianz. *Id.*, Ex. B [DE-71-2]. In email correspondence dated December 30, 2015, counsel for YBE requested copies of the correspondence withdrawing the objections to the subpoenas. *Id.*, Ex. C [DE-71-3]. This request was renewed in email correspondence dated January 14, 2016. *Id.*, Ex. D [DE-71-4]. At the time the status report was filed, counsel for Kelley had not responded to these requests. [DE-71] at 3. Accordingly, the court held a telephonic hearing on

---

[1] Neither YBE's motion nor the status report includes copies of the subpoenas purportedly issued to these companies, but the status report does include copies of correspondence from counsel for Prodigious and Kelley to Allianz stating an objection to the production of documents in response to a subpoena dues tecum on the grounds of confidentiality and relevance. Status Report, Ex. A [DE-71-1] at 5. A second letter to Allianz, purportedly from Kelley, notes Kelley's objection to the release of the subpoenaed documents from Allianz and advises that Kelley issued his objection to the subpoenas to the court. *Id.* at 6. However, the court's docket does not reflect any such objection to subpoenas from either Kelley or Prodigious. YBE has not moved to compel the non-parties' compliance with the subpoenas.

5

January 28, 2016, to resolve the discovery dispute at which the parties participated through counsel. [DE-80]. The parties confirmed the scope of the discovery dispute was limited to the documents sought in Document Requests Nos. 4–7. During the hearing, counsel for Prodigious and Kelley advised that he had inadvertently indicated Kelley would withdraw his objection to the subpoenas, but that his client was standing by the objections asserted in response to the documents requests.

## II. DISCUSSION

### A. Applicable Legal Standards

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides the general rule regarding the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (unpublished) (internal quotation marks, alterations, and citations omitted); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *Carr v. Double T Diner*, 272 F.R.D. 431, 433 (D. Md. 2010) ("The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case"). However, simply because "requested information is discoverable under Rule 26 [(b)] does not mean that discovery must be had." *Nicholas v. Wyndham Int'l Inc.*, 373 F.3d 537, 543 (4th Cir. 2004).

6

Rule 26(b)(2)(C) provides a district court must limit "the frequency or extent of discovery otherwise allowed" under the Federal Rules of Civil Procedure if it concludes that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C); *see also McDougal-Wilson v. Goodyear Tire & Rubber Co.*, 232 F.R.D. 246, 249 (E.D.N.C. 2005) ("Discovery is not limitless," and "[t]he court has the discretion to protect a party from 'oppression' or 'undue burden or expense.'") (quoting Fed. R. Civ. P. 26(c)).

Rule 37 of the Federal Rules of Civil Procedure provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory under Rule 33 or fails to produce or make available for inspection requested documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Additionally, "the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (unpublished) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402-03 (4th Cir. 2003). However, the "party seeking production of documents bears the burden of

establishing the opposing party's control over those documents." *Romero v. Ahsan*, No. CIV.A. 13-7695 FLW, 2015 WL 5455838, at *5 (D.N.J. Sept. 16, 2015) (unpublished) (quoting *Camden Iron & Metal, Inc. v. Marubeni Am. Corp.*, 138 F.R.D. 438, 441 (D.N.J. 1991)); *see also Azkour v. Haouzi*, No. 11-CV-5780(RJS)(KNF), 2014 WL 4467897, at *6 (S.D.N.Y. Sept. 9, 2014) (citing *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608, 2014 WL 61472, at *3 (S.D.N.Y. Jan. 6, 2014) (unpublished)); *Shell Glob. Sols. (US) Inc. v. RMS Eng'g, Inc.*, No. 4:09-CV-3778, 2011 WL 3418396, at *2 (S.D. Tex. Aug. 3, 2011) (unpublished); *Carlson Restaurants Worldwide, Inc. v. Hammond Prof'l Cleaning Servs.*, No. 2:06 CV 336, 2008 WL 2857250, at *5 (N.D. Ind. July 23, 2008) ("[A] party seeking production of documents bears the burden of establishing the opposing party's control over those documents.") (quoting *Burton Mechanical Contractors, Inc. v. Foreman*, 148 F.R.D 230, 236 (N.D. Ind. 1992) (quoting *Camden Iron & Metal*, 138 F.R.D. at 441)); 7-34 Moore's Federal Practice - Civil § 34.14 ("The burden of establishing control over the documents sought is on the party seeking production. However, if the requesting party demonstrates that its adversary has a legal right to obtain the requested documents, the burden shifts to the adversary to show why it lacks control.") (internal footnotes omitted).

## B. Second Request for Production Nos. 4–7

The discovery requests at issue seek documents related to annuities and insurance policies that Butler and Hill purchased on Kelley's advice as their financial advisor, as well as Kelley's contracts with the annuity and insurance companies, and records of compensation he received in connection with Butler and Hill's purchase of annuities and insurance policies. These requests appear to seek documents relevant to the breach of fiduciary duty, constructive fraud, and unfair and deceptive trade practices claims YBE has asserted. The court has ruled previously that Kelley's role

8

as a financial advisor and his business dealings with Hill and Butler (including through the NFLPA and Providence Group) are relevant to this litigation considering the claims being asserted. [DE-55] at 8. Documents and information related to the annuities and insurance products that Kelley advised Butler and Hill to purchase are relevant to his role as a financial advisor and his business dealings with Butler and Hill. To the extent Kelley objects to the requests on the grounds that they are overly broad, beyond the scope of permissible evidence, and unlikely to lead to the discovery of admissible evidence, Kelley's objections are overruled.

Kelley has also responded, however, that he does not possess additional documents responsive to YBE's discovery requests. Resp'ts' Mem. in Opp'n [DE-68] at 2. This raises the question of the extent of control Kelley has over documents sought from third-parties. Rule 34 requires the production of discoverable evidence within the possession, custody, or control of the party. Fed. R. Civ. P. 34(a); *Bleecker v. Standard Fire Ins. Co.*, 130 F. Supp.2d 726, 738 (E.D.N.C. 2000). However, discovery is not required when documents are in the possession of or are readily obtainable by the party seeking a motion to compel. *Bleecker*, 130 F. Supp. 2d at 738 (citations omitted). Documents are deemed to be within the possession, custody, or control of a party if the party has actual possession, custody, control, or the legal right to obtain the documents on demand. *Suntrust Mortg., Inc. v. Busby*, No. 2:09CV10, 2009 WL 5511215, at *1 (W.D.N.C. Dec. 18, 2009) (unpublished) (quoting *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006).

The issue of Kelley's control over the documents at issue has not been briefed by the parties and the court is left to discern any indicia of control from the record. The record contains correspondence to Allianz from Kelley's counsel noting Kelley's objection to the release of

9

documents to YBE's counsel in response to a subpoena duces tecum from YBE's counsel. Under these circumstances, however, the court finds that Kelley's objection to the release of the documents is insufficient to establish Kelley's control, and the court is unable to otherwise discern the extent of Kelley's legal right to control the documents requested from the third parties. *See Bleecker*, 130 F. Supp. 2d at 739 (denying motion to compel where there was no evidence that defendant had a legal right to require the non-party to produce the evidence sought, and declining to adopt an "ability to obtain" test in determining control because "[w]hen information is readily attainable through a subpoena duces tecum, no compelling reason exists to expand the definition of control."); *S.E.C. v. Strauss*, No. 09-CIV.-4150-RMB/HBP, 2009 WL 3459204, at *11 (S.D.N.Y. Oct. 28, 2009) (unpublished) ("Courts have declined to compel production of documents in the hands of one party when the material is equally available to the other party from another source. . . . The protection from having to produce documents that are equally available to the other party is not limited to the public records context.") (collecting cases). Accordingly, the movants have failed to carry their burden of demonstrating Kelley has control of the requested documents, and the motion to compel is denied.

Finally, Rule 37(a)(5)(A) provides that, absent certain specified circumstances, the moving party be awarded expenses "[i]f the motion [to compel] is granted–*or if the disclosure or requested discovery is provided after the motion was filed*–. . . after giving an opportunity to be heard . . . ." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Prodigious and Kelley provided the majority of the requested discovery after Movants filed the instant motion to compel, and Movants have filed an affidavit setting out the fees and other expenses incurred in the filing of the instant motion. [DE-71-5]. Plaintiff shall respond by no later than **April 8, 2016** and show cause why the court should not grant Movant's request for expenses and attorney's fees. In order to avoid an award of expenses and

10

attorney's fees, Prodigious and Kelley must show the court why their "nondisclosure, response, or objection" to the discovery requests was "substantially justified" or why "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii-iii).

### III. CONCLUSION

For the reasons set forth above, Defendants' and Counterclaim Plaintiffs' Motion to Compel [DE-56] is DENIED.

SO ORDERED, the 25th day of March 2016.

Robert B. Jones, Jr.
United States Magistrate Judge