IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-433-F

| | |
|---|---|
| PRODIGIOUS VENTURES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| YBE HOSPITALITY GROUP, LLC, ) | |
| YBE ENTERPRISE, LLC, YBE OXFORD, ) | |
| LLC, and YBE MILLEDGEVILLE, LLC, ) | |
| ) | |
| Defendants, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| TRAVIS E. KELLEY, ) | |
| ) | |
| Counterclaim Defendant, ) | |
| ) | |
| vs. ) | |
| ) | |
| JAMES BUTLER and JOHN TYE HILL, ) | |
| ) | |
| Counterclaim Plaintiffs. ) | |

Before the court is the motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure filed by YBE Enterprise, LLC, YBE Hospitality Group, LLC, YBE Milledgeville LLC, YBE Oxford, LLC, James Butler and John Tye Hill ("Movants"). [DE 58]. On February 23, 2017, United States Magistrate Judge Robert B. Jones, Jr. issued a Memorandum and Recommendation ("M&R") recommending the court deny Movants' motion. [DE 86]. On March 9, 2017, Movants objected in part to the M&R and requested an oral argument. [DE 87]. Plaintiff did not file an objection to the M&R nor did it respond to Movants' objection. For the reasons that follow, the court adopts the M&R and denies Movants' motion.

## I. BACKGROUND

The M&R provides the relevant factual allegations and applicable law. This court presumes the parties' familiarity with the M&R and summarizes here only the background essential to the resolution of the pending motion.

This matter stems from a financial advisor-client relationship that began in 2005 between Travis Kelley of Providence Group Sports and Entertainment, LLC ("Providence Group")[1] – the financial advisor – and Butler and Hill – the clients.[2] In 2007, Butler and Hill expressed to Kelley their interest in investing in a Golden Corral restaurant franchise. Ultimately, Butler and Hill formed YBE Enterprise, LLC, YBE Milledgeville, LLC and YBE Oxford, LLC – managed by YBE Hospitality Group, LLC (collectively, the "YBE Entities") – for the purpose of owning and operating Golden Corral franchises in Georgia and Alabama. The YBE Entities engaged Prodigious Ventures, Inc. ("Prodigious") – of which Kelley is the president, sole shareholder and CEO[3] – to provide business consulting services pursuant to service agreements entered in 2007 and 2010 despite Prodigious' lack of prior restaurant management experience.[4]

Generally, Prodigious provided the YBE Entities administrative management services in exchange for an initial fee of $8,500 during a restaurant's developmental period and thereafter 3% of the monthly gross revenues regardless whether a restaurant turned a profit.[5] Each service agreement

---

[1] As explained in the M&R, during the relevant time period, Kelley offered financial services through a variety of entities. M&R at 2. Ultimately, Kelley's provision of financial services to Butler and Hill occurred through Providence Group. *Id.* at 2-3.

[2] *See id.* at 4 ("Kelley and his staff provided a variety of services to Butler and Hill, including money management, formulating a written financial plan and providing semiannual reviews thereof, bill payment, budgeting, recommending the purchase of insurance and annuities, and risk management.").

[3] Prodigious Dep. 13:3-7 [DE 59-3].

[4] Prodigious Dep. 15:10-14.

[5] Prodigious Dep. 178:13-15; [DE 59-35 at 16, 21, 26].

was for a seven year term. Although the service agreements did not include an express early termination clause, each provided that the seven-year "period may vary according to any changes or modifications requested by" the YBE Entities.[6] The service agreements covered Movants' Golden Corral franchises in Centerville, Georgia (opened in 2009), Oxford, Alabama (opened in 2010) and Milledgeville, Georgia (opened in 2011).

In March 2012, YBE Hospitality and Prodigious entered into a Management Agreement, which covered the three existing restaurants plus two proposed restaurants.[7] The Management Agreement provided *inter alia* that it replaced the Centerville, Oxford and Milledgeville service agreements.[8] The material terms remained identical to those provided in the prior service agreements, with two exceptions. First, as for the two proposed restaurants, the Management Agreement was for a five year term only. Second, the Management Agreement is silent as to the modification of the seven or five year terms.

In May 2013, YBE Hospitality terminated the Management Agreement due to Prodigious' numerous alleged performance deficiencies. *See* Termination Notice [DE 15-1]. Ultimately, Prodigious made over $800,000 in management fees between 2009 and 2012. During that same time period, while Butler and Hill collectively invested more than $1.7 million into the Golden Corral franchises, the YBE Entities lost money overall.

In 2014, Prodigious initiated this contract action in state court. The YBE Entities removed the action to this court. Prodigious alleges claims for breach of contract and unfair and deceptive trade practices against the YBE Entities. Movants assert counterclaims for breach of contract against

---

[6] *See* [DE 59-35 at 16, 21, 26].
[7] Pl.'s Compl., Ex. D [DE 59-35 at 31-38]; Providence Group Dep. 134:19-24 [DE 59-2]; Butler Dep. 59:13-19 [DE 59-5].
[8] Pl.'s Compl., Ex. D [DE 59-35 at 36].

Prodigious, breach of fiduciary duty and constructive fraud against Kelley, and conversion and unfair and deceptive trade practices against Prodigious and Kelley.

## II. APPLICABLE LAW

The Federal Magistrates Act requires a district court to make a de novo determination of any part of the magistrate judge's recommendation to which objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3); *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely objection, the court reviews only for clear error on the face of the record and need not give any explanation for adopting the M&R. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

The court reviewed the M&R, the record and Movants' objections. As for those portions of the M&R to which Movants made no objection, the court is satisfied that there is no clear error on the face of the record.

Movants raise two objections to the M&R. Movants argue first that Judge Jones erroneously determined a genuine issue of material fact exists as to whether Kelley breached his fiduciary duty to Hill and Butler. Second, Movants disagree with Judge Jones' conclusion that Kelley's admission regarding the modification provision contained in the initial service agreements does not provide an alternative basis for allowing summary judgment on Prodigious' breach of contract claim. Upon de novo review of those portions of the M&R, however, the court finds Movants' objections meritless.

A.  **First Objection**

Movants argue Kelley breached his fiduciary duty to Butler and Hill in orchestrating the service agreements between Prodigious and the YBE Entities. Movants' Mem. at 23 [DE 59]. In support of their argument, Movants rely on the fees associated with Prodigious' services. Pursuant to the agreements, Prodigious was entitled to three percent of monthly gross revenues. Accordingly, each time a Golden Corral franchise opened, Prodigious stood to make money. Movants, however, made money only if the restaurants generated profits. As such, Movants claim the service agreements created an "intractable conflict" between the interests of Kelly and those of Butler and Hill. *Id.* at 23.

As a fiduciary, Kelley was obligated to "act in good faith and with due regard to the interests" of Butler and Hill. *White v. Consol. Planning, Inc.*, 166 N.C. App. 283, 293, 603 S.E.2d 147, 155 (2004). "In making the determination as to whether a party's actions constitute a lack of good faith, the circumstances and context in which the party acted must be considered." *Farndale Co., LLC v. Gibellini*, 176 N.C. App. 60, 67, 628 S.E.2d 15, 19 (2006). The court was unable to locate any North Carolina case expressly defining "good faith" in the context of a fiduciary's duties generally let alone in the context presented here. Nor did the court find a case explaining what it means for a fiduciary to "act in good faith" beyond the absence of intent "to benefit himself at the expense of the other party." *King v. Bryant*, __ N.C. __, 795 S.E.2d 340, 349 (2017).

Accordingly, the court turns to the common definition found in Black's Law Dictionary, which defines good faith as a "state of mind consisting in (1) honesty in belief or purpose, (2) faithfulness to one's duty or obligation, (3) observance of reasonable commercial standards of fair dealing in a given trade or business, or (4) absence of intent to defraud or to seek unconscionable advantage." Good Faith, Black's Law Dictionary (10th ed. 2014). Regardless of whether a fiduciary's duties in the

circumstances presented here require a state of mind exhibiting one or all of the above, Movants have not shown as a matter of law that Kelley performed his fiduciary duties in bad faith.

As the M&R indicates, Movants paint a picture of self-dealing and deceptive conduct of a financial advisor, while Prodigious and Kelley suggest to the contrary. *See, e.g.*, M&R at 17-18. For example, Movants testified that their Milledgeville investment – ultimately a poor investment – was based on Kelley's recommendation. However, Kelley testified that he initially recommended against the investment and only changed his position when the purchase price was substantially reduced. Kelley testified further that Butler and Hill understood the franchise was a "turn around" opportunity. M&R at 17. If a factfinder finds more credible Movants' testimony, it could permissibly draw the inference that Kelley's state of mind consisted of dishonesty in purpose, no allegiance to his fiduciary obligations, no observance of reasonable commercial standards or the desire take advantage of Butler and Hill. Yet, a credibility finding by the factfinder in Prodigious' favor would mean an inference to the contrary.

As a second example, Movants argue while the fee structure ensured earnings by Prodigious, no such guarantee existed for the YBE Entities' restaurants. Prodigious' deposition testimony suggests the fee structure was appropriate under the circumstances, and was in fact lower than the industry standard of "roughly five percent." Providence Dep. 167:8-13. Again, in weighing this evidence, a jury could permissibly draw an inference in either Movants' or Prodigious' favor.

Based on the above and other competing evidence identified in the M&R, the court finds that a material factual dispute exists precluding summary judgment as a matter of law. It is the province of the jury to weigh competing evidence and select that evidence which they find most credible. *See United States v. Dinkins*, 691 F.3d 358, 387 (4th Cir. 2012). The court declines Prodigous' invitation to supplant that function.

B.  Second Objection

Initially, Movants claimed entitlement to summary judgment on Prodigious' breach of contract claim based on Kelley's alleged breach of duty to Butler and Hill. Movants' Mem. at 26. Movants' reply poses an alternative basis in support of their argument. Specifically, they claim no breach occurred because YBE Entities provided their termination notice pursuant to the modification term provided in the original service agreements. *See* Reply at 7-8 (relying on Kelley's affidavit testimony that the seven year term of the YBE Enterprise, LLC service agreement was subject to modification upon notice by Butler and Hill); Prodigious Resp., Kelley Aff., Ex. 1 [DE 69-1].[9] Movants' argument merits no further discussion beyond Judge Jones' analysis.[10]

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

(1) The Memorandum and Recommendation [DE 86] is ADOPTED;

(2) Movants' motion for partial summary judgment [DE 58] is DENIED;

(3) Movants' request for oral argument is DENIED; and

(4) The parties shall file a JOINT proposed pretrial order no later than **April 13, 2017**.[11]

SO ORDERED.

This the 30th day of March, 2017.

*[signature]*
JAMES C. FOX
Senior United States District Judge

---

[9] For the reasons identified in the M&R, the court finds consideration of the affidavit proper. *See* M&R at 18 n.1.

[10] The court notes further that the statement on which Prodigious relies concerns the service agreements for the Centerville, Oxford and Milledgeville restaurants. The Management Agreement – which according to its express terms "supersede[d] and replace[d] any previous agreement" – is silent, however, as to the modification of the seven or five year terms. *See* Pl.'s Compl., Ex. D [DE 59-35 at 36]; *see also* Providence Group Dep. 136:15-25, 137:1 (stating the Management Agreement "st[ood] in for [the] existing agreements, and also provide[d] additional options . . .").

[11] *See* January 28, 2016 Order [DE 79] (stating upon ruling on the instant motion, the court will "order the parties to submit a joint response as to when the case should go to trial").